IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Tracy Taylor,                              )
                                           )
    Plaintiff,                         )
                                           )
v.                                         )    No. _____
                                           )
Cynthia Jones DMD, P.C., d/b/a             )
Dentistry 4 Kids and                       )
Cynthia Jones, individually,               )
                                           )
    Defendants.                        )

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Tracy Taylor ("Plaintiff"), and brings this action against Cynthia Jones, DMD., P.C. d/b/a Dentistry 4 Kids and Cynthia Jones, individually ("Defendants"), under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA") for unpaid overtime compensation and for breach of contract and unjust enrichment.

## PARTIES

1. The Plaintiff, Tracy Taylor ("Plaintiff"), is a resident of Gwinnett County, Georgia and is a former employee of Defendants.

2. Plaintiff worked for Defendants in, among others, Gwinnett County in Georgia, from on or about December 1994 through May 2010.

3. Defendant Cynthia Jones, D.M.D., P.C. d/b/a Dentistry 4 Kids owns and operates dental offices in Gwinnett County, Georgia, and is, therefore, within the jurisdiction of this Court.

4. Defendant Cynthia Jones is an adult resident citizen of Georgia, who owns and operates Cynthia Jones, D.M.D., P.C. d/b/a Dentistry 4 Kids and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for his employees; and (c) control the finances and operations of the business. By virtue of having regularly exercised that authority on behalf of Cynthia Jones, D.M.D., P.C., d/b/a Dentistry 4 Kids, Cynthia Jones is an employer as defined by 29 U.S.C. § 201 *et. seq.*

5. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. Plaintiff also brings breach of contract and unjust enrichment claims to recover for unpaid bonuses, accrued and unpaid vacation and personal time, and reimbursement for advancing office expenses.

## COVERAGE

6. At all times material hereto Plaintiff was Defendants' "employee" within the meaning of the FLSA.

7. At all times material hereto, Defendants were Plaintiff's "employer" within the meaning of the FLSA.

8. Defendants were, and continue to be, an "employer" within the meaning of the FLSA.

9. At all times material hereto, Defendants were, and continue to be, "an enterprise engaged in commerce" within the meaning of the FLSA.

10. At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

11. At all times material hereto, the annual gross revenue of Defendants was in excess of $500,000.00 per annum.

12. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

13. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

14. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

15. At all times material hereto, Plaintiff utilized the instrumentalities of commerce while she performed her duties for Defendants and, thus, was subject to the individual coverage of the FLSA.

## JURISDICTION AND VENUE

16. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and the FLSA.

17. This Court also has authority to grant declaratory relief under the FLSA pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

18. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## FACTS

19. Defendants own and operate dental offices in the state of Georgia.

20. Plaintiff was employed by Defendants from December 1994 through May 2010 as an office manager.

21. Plaintiff worked in Defendants' dental offices located in Suwanee, Georgia and Duluth, Georgia.

22. Plaintiff was hourly paid.

23. Plaintiff was not paid on a salary basis.

24. Plaintiff was a non-exempt employee.

25. As an office manager, Plaintiff performed various duties such as billing, payroll, collections, receivables, purchasing and scheduling.

26. In her job with Defendants, Plaintiff regularly used the U.S. mail system and telephones.

27. In her job with Defendants, Plaintiff regularly sent and received mail out of state and communicated with persons out of state.

28. In her job with Defendants, Plaintiff regularly purchased and handled goods from outside the state of Georgia.

29. Plaintiff worked over forty (40) hours during one or more of the workweeks during her employment with Defendants.

30. Defendants paid Plaintiff straight time, rather than time and a half, for all hours worked by Plaintiff over forty in a workweek.

31. Plaintiff was entitled to time and a half compensation for the hours she worked over forty in a workweek.

32. Defendants failed to comply with 29 USC §§ 201-209 because Defendants did not compensate Plaintiff at time and a half her hourly rate for those hours worked by Plaintiff over forty in a workweek.

33. Upon information and belief, the records – to the extent such records exist – concerning the number of hours worked and amounts paid to Plaintiff are in the possession, custody, or control of Defendants.

34. Plaintiff agreed to purchase $3500 in office supplies and equipment for Defendants and Defendants agreed to reimburse Plaintiff for said expenses.

35. Plaintiff purchased $3500 worth of office supplies and equipment for Defendants and provided these supplies and equipment to Defendants, which Defendants accepted.

36. Defendants used and continue to use and retain the benefits of the supplies and equipment purchased by Plaintiff.

37. Defendants have not reimbursed Plaintiff $3500 for the office supplies and equipment purchased by Plaintiff.

38. Defendants agreed to pay Plaintiff a bonus of $2800 but never paid this bonus to Plaintiff.

39. Defendants agreed to pay Plaintiff for accrued, unused vacation days and personal days at the termination of her employment.

40. Upon termination of her employment with Defendants, Plaintiff had accrued $3800.00 in unused vacation and personal time.

41. Despite Plaintiff's demand, Defendants have refused to pay Plaintiff for her accrued, unused vacation and personal days.

## COUNT ONE:
## RECOVERY OF OVERTIME COMPENSATION

42. Plaintiff reasserts and incorporates by reference all allegations contained within paragraphs 12-40 above.

43. Plaintiff worked over forty (40) hours during one or more of the workweeks during her employment with Defendants.

44. Defendants paid Plaintiff straight time, rather than time and a half, for all hours worked by Plaintiff over forty in a workweek.

45. Plaintiff was entitled to be paid overtime compensation at one and one-half times her regular rate of pay for each hour worked in excess of 40 per workweek.

46. Defendants failed to compensate Plaintiff at one and one-half times her regular rate of pay for overtime hours worked, in violation of the FLSA.

47. Upon information and belief, Defendants' failure to properly compensate Plaintiff for her overtime hours worked was willful and/or reckless, as Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters, or (d) the Code of Federal Regulations.

## COUNT TWO:
## BREACH OF CONTRACT

48. Plaintiff reasserts and incorporates by reference all allegations contained within paragraphs 12-40 above.

49. Plaintiff agreed to purchase $3500 in office supplies and equipment for Defendants and Defendants agreed to reimburse Plaintiff for said expenses.

50. Plaintiff purchased said supplies and equipment but Defendants have failed and/or refused to reimburse Plaintiff.

51. Defendants breached their agreement by failing to reimburse Plaintiff $3500 for the purchase of the office supplies and equipment.

52. Defendants also agreed to pay Plaintiff a $2800 bonus.

53. Defendants breached their agreement by failing to pay Plaintiff the $2800 bonus as agreed.

54. Defendants agreed to pay Plaintiff for accrued, unused vacation days and personal days at the termination of her employment.

55. Upon termination of her employment with Defendants, Plaintiff had accrued $3800.00 in unused vacation and personal time.

56. Defendants breached their agreement with Plaintiff by failing and/or refusing to pay Plaintiff $3800 for her accrued, unused vacation and personal time.

## COUNT THREE: UNJUST ENRICHMENT

57. Plaintiff reasserts and incorporates by reference all allegations contained within paragraphs 12-40 above.

58. Plaintiff purchased $3500 worth of supplies and equipment for Defendants and Defendants accepted these supplies and equipment.

59. Plaintiff also earned $2800 in bonuses and $3800 in accrued, unused vacation and personal days, which Defendants have failed and/or refused to pay.

60. Defendants have been unjustly enriched by accepting the office supplies and equipment provided by Plaintiff without reimbursing Plaintiff and by

accepting the work of Plaintiff without proper compensation. It would be unjust for Defendants to enjoy the fruits of the supplies and equipment and Plaintiff's work without properly compensating Plaintiff for the same.

## DAMAGES

61. As a result of Defendants' intentional, willful, and reckless failure to lawfully compensate Plaintiff at time and one-half for overtime hours that she worked, Plaintiff has suffered damages in an amount to be proven at trial and has incurred reasonable attorney's fees and costs.

62. As a result of Defendants' intentional, willful, and reckless violation(s) of the FLSA, Plaintiff and all others similarly situated are entitled to back wages and liquidated damages from Defendant for all hours worked in excess of 40-hours during one or more workweeks within the past 3 years.

63. Further, as a result of Defendants' breaches of contract and unjust enrichment, Plaintiff has suffered at least $10,100.0 in damages.

WHEREFORE, Plaintiff demands payment of her overtime wages at the correct rate pursuant to 29 U.S.C. § 207 found to be due and owing, an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b), declaratory relief pursuant to the DJA and FLSA finding that Defendant's practice of not paying overtime wages to Plaintiff violates the FLSA, and that all hours worked over forty in a workweek should be paid at time and one-half of an employees' regular rate of

pay as long as an employee is not exempt from the FLSA, pre-judgment and post-judgment interest where applicable, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), breach of contract and unjust enrichment damages in the amount of $10,100.00, and such further relief as this Honorable Court may deem to be just and proper.

                                    Respectfully submitted,

                                    MORGAN & MORGAN, PA

                         By:   s/Deirdre M. Stephens
                                  DEIRDRE M. STEPHENS GABN 678789
                                  Morgan & Morgan, P.A.
                                  191 Peachtree Street NE, Suite 4200
                                  Atlanta, GA 30303
                                  Tel: (404) 965-8811
                                  Fax: (404) 965-8812
                                  djohnson@forthepeople.com

DATED: June 30, 2011